IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADOBE INC. AND ADOBE SYSTEMS SOFTWARE IRELAND LIMITED,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>MARSH FUNDING LLC,<br><br>　　　　　　　　Respondent. | Civil Action No. 24-861-GBW |

## MEMORANDUM ORDER

Pending before the Court is Adobe Inc. and Adobe Systems Software Ireland Limited's ("Adobe" or "Petitioner") Motion for Reargument Regarding Adobe's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in a Foreign Proceeding (D.I. 22) ("Motion for Reargument"), which has been fully briefed (D.I. 23). For the reasons herein, the Court denies Adobe's motion. Since the Court was able to resolve Adobe's motion without oral argument, the Court also denies-as-moot Abode's request (D.I. 24) for expedited oral argument.

I.   BACKGROUND

Stichting Data Bescherming Nederland ("SDBN") filed a "collective action" (pursuant to the Dutch Resolution of Mass Damage in Collective Action Act ("WAMCA")) against Adobe in the Rotterdam District Court alleging violations of the General Data Protection Regulation ("GDPR"), the Dutch Telecommunications Act, and fundamental (privacy) rights. D.I. 5 ¶¶ 2, 5-6. To bring a collective action under the GDPR and the WAMCA, SDBN must demonstrate that it meets certain "admissibility requirements." D.I. 5 ¶ 8. While SDBN contends that it satisfies these requirements, Adobe intends to assert the contrary in a hearing before the Rotterdam District

Court scheduled for December 17, 2024. D.I. 5 ¶¶ 8, 28. To acquire evidence for this assertion, Adobe filed an *ex parte* application pursuant to 28 U.S.C. § 1782 ("Application") to obtain discovery from Marsh Funding LLC ("Marsh" or "Respondent"). D.I. 1. Marsh had "entered into a funding agreement with" SDBN and is incorporated in Delaware. D.I. 1 ¶ 2; D.I. 5 ¶ 7

The Application included a proposed subpoena, and the proposed subpoena included two attachments titled Schedule A and Schedule B. D.I. 4 Ex. 1.[1] Schedule A listed Adobe's document requests, including for example, "[a]ll agreements pursuant to which Marsh is providing funding for the Dutch Proceeding." D.I. 4 Ex. 1. Schedule B listed deposition topics. D.I. 4 Ex. 1. The Application also included a declaration from M.G.A. Egeler (the "Egeler Declaration"), a Dutch attorney representing Adobe, stating that Article 22 of the Dutch Code of Civil Procedure (the "DCCP") enables the Dutch court to "order either party at any time during the proceedings to submit documents to provide substance to its claims/defense." D.I. 5 ¶ 30.

On July 29, 2024, the Court granted Adobe's *ex parte* application. D.I. 9. In that Order, the Court granted "leave to serve a subpoena substantially similar to" the proposed subpoena on Marsh. D.I. 9 at 2. The Court also ordered that "[r]esponses and objections to the Subpoena, and any motion to quash, shall be served within 14 days of service of the Subpoena." D.I. 9 at 2.

Adobe purported to have served the subpoena to Marsh on August 1, 2024. D.I. 10 at 2. On August 13, 2024, however, Marsh responded to the subpoena contending that the subpoena was not properly served, since Schedule A was not included in the service copy of the subpoena. D.I. 14 Ex. 2 at 1. Adobe admitted as much. D.I. 15 at 1 n.1 (acknowledging that "the process server excluded Schedule A to the Subpoena"). On August 15, 2024, Adobe appears to have e-

---

[1] D.I. 4 included multiple exhibits titled "Exhibit 1." Schedules A and B are titled "Exhibit 1" and form part of the same document as the Williams Declaration. D.I. 4. The proposed subpoena is also titled "Exhibit 1" and is attached to D.I. 4 as a separate document.

2

mailed the "entire application" to Marsh's counsel and, on April 16, 2024, Adobe appears to have "formally re-served" the subpoena to Marsh. D.I. 15 at 1 n.1. Marsh states that Adobe properly served the subpoena on August 15, 2024. D.I. 23 at 2. In the same August 13, 2024 letter to Adobe, Marsh also provided substantive objections to the subpoena, including that "there already are mechanisms for the Dutch court to request additional documents from the parties prior to the hearing." D.I. 14 Ex. 2 at 3.

On September 4, 2024 and September 9, 2024, the parties met and conferred on the subpoena and Marsh's objections. D.I. 10 at 1. Hence, Marsh agreed to produce "a redacted version of the recently amended funding agreement," which was also produced by SDBN "in the Dutch proceeding." D.I. 15 at 1; *see* D.I. 14 at 1 (asserting that "only the dollar amounts of SDBN's budgets and Marsh's funding obligation [were] redacted"). On September 10, 2024, Adobe requested a discovery teleconference. D.I. 10. On September 30, 2024, the Court ordered letter briefing on the parties' discovery disputes. D.I. 13. On October 2, 2024, both parties filed motions. Adobe filed a motion to compel, and Marsh filed a motion for a protective order. D.I. 14; D.I. 15. On October 4, 2024, the parties filed respective oppositions. D.I. 17; D.I. 18.

In Adobe's motion to compel, Adobe sought "documents in support of Adobe's statement of defense in the Dutch proceeding." D.I. 15 at 1. Specifically, Adobe moved to compel documents in response to "Request Nos. 1, 2, 4, 6, 8, 11, 12, 14 and 17 in Schedule A" of the subpoena. D.I. 15 at 1. Those requests state:

> 1. All agreements pursuant to which Marsh is providing funding for the Dutch Proceeding.
>
> 2. To the extent not produced in response to Request 1, all other agreements relating to the Dutch Proceeding between (i) SDBN and Marsh and/or (ii) Marsh and any (purported) class member, or as to which Marsh and/or its investors is a third-party beneficiary.

3

. . .

4. All Documents and Communications between SDBN and Marsh regarding the profit and loss calculus of the Dutch Proceeding.

. . .

6. Documents sufficient to show all entities or individuals (including Scott+Scott) who received money from or through Marsh, or have or had any right, entitlement or expectation (actual, contingent or otherwise, and liquidated or unliquidated) to receive money from or through Marsh, arising from or generated in connection with the Dutch Proceeding, including but not limited to (a) returns on their investment with Marsh; (b) participation in profits generated by Marsh; (c) distributions; (d) dividends; or (e) any right to a portion of funds due, owed, or paid to Marsh.

. . .

8. Documents sufficient to show any right, entitlement or expectation (actual, contingent or otherwise, and liquidated or unliquidated) of SDBN or any other entity affiliated with SDBN to receive payment of any money or proceeds from Marsh in connection with the Dutch Proceeding, including for payment of costs incurred during prosecution of the Dutch Proceeding, and/or in connection with Marsh's receipt of settlement proceeds, revenues, or other sums generated or received by Marsh in connection with the Dutch Proceeding.

. . .

11. Documents and Communications sufficient to show the strategy or method for identifying and/or locating specific individuals to include as claimants in the Dutch Proceeding and identifying Adobe as the defendant in the Dutch Proceeding, and when discussions or communications regarding this strategy or method commenced.

. . .

12. Documents sufficient to show which (and how many) specific class members have been identified or located before and since commencement of the Dutch Proceeding, the date on which they were identified or located, and how and by who they were identified or located.

. . .

14. Documents and Communications sufficient to show the initial conversations that Marsh or its affiliates had regarding the formation of SDBN as it relates to the Dutch Proceeding.

. . .

> 17. All Documents and Communications between Marsh and SDBN relating to the litigation strategy and/or tactics of the Dutch Proceeding, including the engagement of external parties/advisors by SDBN.

D.I. 4. Ex. 1. Adobe did not move to compel a deposition. D.I. 15. In response to Adobe's motion to compel, Marsh contended that (1) the documents sought were not relevant, (2) the discovery sought can be obtained in the Dutch proceedings, (3) various documents were protected by attorney-client privilege and the work product doctrine. D.I. 17.

In Marsh's motion for a protective order, Marsh contended that "if the Dutch court determines that it is necessary to assess SDBN's litigation budget for this case, then it can request an unredacted copy of the funding agreement." D.I. 14 at 1. In support, Marsh cited Dutch law provided by Carlijn Van Rest in an attached declaration (the "Van Rest Declaration"). D.I. 14 at 1 (citing D.I. 14 Ex. 3 §§ 2.37, 2.41-43, 2.50, 2.52). The declaration asserted, for example, that the "DCCP" regulates discovery in the Netherlands and that "the district court of Rotterdam can on the basis of Article 22 [of the] DCCP order SDBN to produce the documents it needs to determine whether SDBN meets the admissibility requirements." D.I. 14 Ex. 3 §§ 2.38, 2.50. Marsh made similar contentions relying on the Van Rest Declaration when opposing Adobe's motion to compel. D.I. 17 at 2.

On October 7, 2024, the Court denied Adobe's motion to compel without prejudice because Article 22 of the DCCP appeared to authorize the "district court in Rotterdam [to] order SDBN to produce any documents the court needs to determine whether SDBN meets the admissibility requirements." D.I. 20 (citing D.I. 17 at 2 (citing D.I. 14 Ex. 3 § 2.50)). The Court cited *In re King*, which confirms that evidence "within the foreign tribunal's jurisdictional reach" may inform a U.S. court's discretion to deny § 1782 relief. D.I. 20 (citing No. 22-mc-243-MN-JLH, 2023 U.S.

Dist. LEXIS 192250, at *11 (D. Del. Oct. 26, 2023)). The Court also provided: "Insofar as the Dutch courts cannot order SDBN to produce documents informing the admissibility analysis, or insofar as the Dutch courts order SDBN to produce such documents and SDBN fails to comply, Adobe may renew its request here." D.I. 20. In light of the Court's Order, the Court denied Marsh's motion for a protective order. D.I. 20.

On October 21, 2024, Adobe moved for reargument and reconsideration of the Court's October 7, 2024 Oral Order. D.I. 22. On November 4, 2024, Marsh opposed. D.I. 23.

## II.  JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1782. Section 1782 provides that the "district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). Here, Marsh "resides or is found in Delaware." D.I. 9 at 1; *see* D.I. 1 ¶ 5 (asserting that "Marsh is 'found' or 'resides in' this District because it was incorporated and has offices within this District"). When granting Adobe's § 1782 Application, the Court retained "jurisdiction over this matter." D.I. 9 at 3.

## III.  LEGAL STANDARD

"The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court." *Amgen Inc. v. Amneal Pharms. LLC*, No. 16-cv-853-MSG, 2021 U.S. Dist. LEXIS 199918, at *4 (D. Del. Oct. 18, 2021) (citation omitted). "Motions for re-argument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Id.* (citation omitted). "Reconsideration may be granted if the movant can show an intervening change in controlling law, new evidence not available when the court made its

decision, or a need to correct a clear error of law or fact to prevent manifest injustice." *Id.* (citation omitted). Neither motion is "an appropriate vehicle to reargue issues that the court has already considered and decided." *Acco Brands USA LLC v. Performance Designed Prods. LLC*, No. 23-cv-437-GBW, 2024 U.S. Dist. LEXIS 108389, at *1 (D. Del. June 18, 2024). "Reargument, like reconsideration, is granted sparingly." *Corning Inc. v. SRU Biosystems*, No. 03-cv-633-JJF, 2006 U.S. Dist. LEXIS 1896, at *3 n.1 (D. Del. Jan. 20, 2006). The proponent of the motion carries the burden. *See Ampro Computs., Inc. v. LXE, LLC*, No. 13-cv-1937-LPS-MPT, 2017 U.S. Dist. LEXIS 30867, at *2 (D. Del. Mar. 6, 2017).

### IV.   DISCUSSION

Here, there is no basis for reargument because the Court understood the parties, did not make "a decision outside the adversarial issues presented," and did not make an error "of apprehension." *See Amgen Inc.*, 2021 U.S. Dist. LEXIS 199918, at *5. Similarly, there is no basis for reconsideration because there was no "intervening change in controlling law," no "new evidence not available when the Court made its decision," and no "need to correct a clear error of law or fact to prevent manifest injustice." *See id.* This decision comports with the local rule that "[m]otions for re-argument shall be sparingly granted." *See* D. Del. LR 7.1.5.[2]

In attempt to demonstrate a sufficient basis for reargument or reconsideration, Adobe (1) contends that the Court failed to adequately apply § 1782, the decision from the U.S. Supreme Court in *Intel* interpreting § 1782, and *Intel*'s progeny, (2) asserts that the Court misunderstood

---

[2] In its October 7, 2024 Order, the Court provided two grounds upon which Adobe could renew its motion to compel. D.I. 20. Adobe does not invoke either ground. D.I. 22. Adobe asserts that this Court offered "to revisit its Order if discovery is not compelled in Rotterdam." D.I. 22 at 5; *see also id.* at 6 (similar); *id.* at 8 (similar). The Court, however, did not make such an offer. D.I. 20.

7

the relevant Dutch law regarding discovery procedures, and (3) alleges the purported incurability of substantive harm allegedly suffered by Adobe. Each contention, however, fails.

A.  **Adobe Fails To Establish That The Court Misapplied § 1782, The *Intel* Decision Or Its Progeny**

"Section 1782 of Title 28 authorizes a district court, upon the application of any interested person, to order a person residing or found in this district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal." *In re King Mun.*, 2023 U.S. Dist. LEXIS 192250, at *10 (citing 28 U.S.C. § 1782(a)) (cleaned up). If these "statutory conditions are satisfied, the court then determines in its discretion whether the requested discovery should be allowed, taking into consideration certain factors identified by the Supreme Court in *Intel*." *Id.* at *10-11 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 263-64 (2004)). The *Intel* factors are "(1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; (4) whether the subpoena contains unduly intrusive or burdensome requests." *Id.* at *11 (citation omitted).

While the U.S. Supreme Court originally considered these factors in the context of a § 1782 application, district courts have also applied the factors when deciding motions to compel in connection with § 1782 applications. *See, e.g., In re Ex parte in re Sevier*, No. 22-mc-80-RGA-SRF, 2022 U.S. Dist. LEXIS 157783, at *6-7 (D. Del. Aug. 31, 2022).

Here, Adobe contends that this Court's Oral Order denying Adobe's motion to compel "does not state how (or if) the Court analyzed the *Intel* factors." D.I. 22 at 6. However, the Court

did apply the *Intel factors* and specifically cited the first *Intel* factor in its Oral Order. *See* D.I. 20 (confirming that courts may deny § 1782 relief where the evidence "is within the foreign tribunal's jurisdictional reach" and observing that the "district court in Rotterdam may order SDBN to produce any documents the court needs to determine whether SDBN meets the admissibility requirements" (citation omitted)). Adobe also cites *Mees v. Buiter* for the proposition that "the availability of the discovery in the foreign proceeding should not be afforded undue weight." D.I. 22 at 8-9 (citing 793 F.3d 291, 303 (2d Cir. 2015)). However, the Court did not afford undue weight to the first *Intel* factor as it was not the only factor that weighed against granting Adobe's motion to compel. In fact, in addition to the first *Intel* factor, the third *Intel* factor also weighed against granting Adobe's motion to compel. The third factor addresses whether "the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States." *In re King Mun.*, 2023 U.S. Dist. LEXIS 192250, at *11. In this instance, the Dutch court demonstrated its policy by declining to require SDBN to "provide the unredacted funding agreement" after SDBN "reached out to the Dutch Court asking" for the unredacted document. D.I. 22 at 4. Further, Adobe's argument and reliance on *Mees* fails to recognize the Court's discretion in analyzing the *Intel* factors and that the Second Circuit, in *Mees*, declined the invitation from the parties to rule on the discretionary factors, including the first *Intel* factor. 793 F.3d at 301.

Adobe also raises the second *Intel* factor in trumpeting that Dutch courts are receptive to discovery obtained through § 1782 proceedings. D.I. 22 at 4. Receptivity, however, does not unilaterally control this analysis. *See In re King Mun.*, 2023 U.S. Dist. LEXIS 192250, at *11 ("*Intel* does not mandate that every factor support a court's exercise of discretion or that all factors

9

need even be considered. Rather, it provided the factors to illuminate considerations relevant to the decision of whether to authorize assistance for use in proceedings before a foreign tribunal.").

Adobe likewise contends that district courts in the United States "lean in favor of granting Section 1782 applications unless there is 'authoritative proof that the foreign court would reject the evidence obtained with the aid of Section 1782.'" D.I. 22 at 7 (quoting *In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016)). Adobe contends that "there is no 'authoritative proof' that a Dutch court would reject the evidence" here. D.I. 22 at 7. However, Adobe's contention is merely the inverse of the Dutch court's receptivity, addressed in the previous paragraph. Furthermore, Adobe overstates the law. Receptivity (or the lack thereof) remains only one factor in the *Intel* analysis and does not unilaterally control the analysis.

Aside from the specific factors themselves, Adobe contends that the Court's Oral Order is at odds with the efficiency "aim[]" of § 1782. D.I. 22 at 9. In particular, Adobe contends: "Requiring Adobe to take a wait-and-see approach on whether it can ever obtain discovery pursuant to Section 1782 is not efficient." *Id.* However, the Court did not prescribe a "wait-and-see" approach. Indeed, the Court's Oral Order is grounded not on whether Adobe *will obtain* the discovery it seeks in the Dutch proceeding, but rather that Adobe *is able to obtain* the discovery it seeks in the Dutch proceeding. D.I. 20. Adobe also cites *Euromepa* for the proposition that it is "unwise—as well as in tension with the aims of section 1782—for district judges to try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law." However, there is little, if any, relevant debate on the nature of Article 22 here (as shown in the following Section).

Finally, Adobe contends that the Oral Order effectively imposes two impermissible extra-statutory requirements on Adobe. *First*, Adobe contends that the Oral Order effectively imposes

an impermissible "exhaustion requirement" on Adobe. D.I. 22 at 7. Adobe is mistaken. The Court denied Adobe's motion to compel, *not* because Adobe had not exhausted the Article 22 discovery mechanism, but rather because the Article 22 discovery mechanism is available. Adobe quotes *In re Bayer AG* for the statement that "'it would seem to exceed the proper scope of § 1782 to require the district court to undertake a more extensive inquiry' of the foreign tribunal." D.I. 22 at 9 (quoting 146 F.3d 188, 192 (3d Cir. 1998)). This quotation preceded the Third Circuit explaining that "it would contradict the express purpose of section 1782 if the American court were required to predict the actions of another country's tribunal." 146 F.3d at 192. Here, however, this Court is not predicting or requiring the prediction of the actions of the Dutch court.

*Second*, Adobe contends that this Court's Oral Order improperly imposes a "foreign discoverability requirement." D.I. 22 at 8-9. In making such contention, Adobe observes (correctly) that *Intel* held that "§ 1782(a) contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding." D.I. 22 at 8 (quoting *Intel*, 542 U.S. at 247). However, this Court did not deny Adobe's motion to compel because the requested documents *were not* discoverable in the Dutch proceeding. Instead, this Court denied Adobe's motion because, among other reasons, the requested documents *are* discoverable in the Dutch proceeding. In other words, Adobe improperly conflates the rule against a "foreign discoverability requirement" with the first *Intel* factor (i.e., whether "the evidence sought is within the foreign tribunal's jurisdictional reach").

B.  **Adobe Fails To Establish That The Court Misunderstood The Dutch Law Regarding Discovery Procedures**

This Court denied Adobe's motion to compel on the grounds that the "district court in Rotterdam may order SDBN [under Article 22 of Dutch law] to produce any documents the court needs to determine whether SDBN meets the admissibility requirements." D.I. 20. In its motion

11

for reargument, Adobe contends that there "is no legitimate prospect that Adobe 'may' get the documents from the Dutch Court in time for use at the December 17 hearing." D.I. 22 at 1. Adobe also contends that the Court's Oral Order misunderstands Dutch Law. D.I. 22 at 3.

However, allegations regarding the unlikelihood of obtaining the desired discovery in a foreign forum are not sufficient bases for reargument or reconsideration. In addition, the Court did not misunderstand Dutch Law. In fact, Adobe admits that Article 22 enables Dutch courts to compel the requested discovery. *See, e.g.*, D.I. 22 at 5 (admitting "that the Dutch Court [could] use[] its Article 22 authority"); D.I. 5 ¶ 29 ("For instance, according to Article 22 [of the] DCCP, the Court can order either party at any time during the proceedings to submit documents to provide substance to its claims/defense.").

Adobe's three remaining contentions also fail. *First*, Adobe asserts that this Court improperly relied on "Marsh's claim that Adobe *would* be able to obtain the requested discovery from the Dutch Court." D.I. 22 at 5 (emphasis added). However, the Court relied on the fact that it is possible that Adobe *could* obtain the requested discovery from the Dutch court. That the Dutch court has declined to compel such discovery in the case before it neither invites nor compels this Court's intervention. *Second*, Adobe highlights that Article 22 only allows the Dutch court to compel discovery from parties and that Section 1782 allows Adobe to compel production from non-parties. D.I. 22 at 4. This distinction, however, is irrelevant, including because SDBN has (at least the majority of) the documents that Adobe seeks (e.g., the unredacted funding agreement between SDBN and Marsh) and has already produced the redacted version.

*Third*, Adobe contends that the Court's decision "makes it impossible for any party to a Dutch proceeding to use Section 1782 since in theory, a Dutch court may always use their Article 22 authority, although in practice it almost never does." D.I. 22 at 8. However, the Court limits

12

its holding to the fact pattern of this case. Specifically, the Court considered several factors, including but not limited to (1) SDBN and Marsh have provided redacted copies of the funding agreement to Adobe, (2) SDBN has offered to make the unredacted version of the agreement available to the Dutch court, and (3) the Dutch court has declined to require any production. *See* D.I. 14 at 1; D.I. 15 at 1; D.I. 22 at 5.

At bottom, Adobe is frustrated that Article 22 is, at least purportedly, "rarely used and highly discretionary." D.I. 22 at 4. Adobe's frustration, however, is not a sufficient basis for reargument or reconsideration. Moreover, the fact that at least the majority of Adobe's requested documents can be obtained from the Dutch court through a party to the Dutch proceeding continues to militate against this Court compelling discovery from a third party in the United States. In other words, this Court need not intervene when the Dutch court has already declined to do so. Such intervention would only encourage parties to routinely pursue discovery in the United States for use in foreign actions whenever they are frustrated with the discovery decisions of foreign tribunals. Since Article 22 of the DCCP remains a basis upon which to rule, this analysis does not address Adobe's contentions regarding Article 843a of the DCCP. *See* D.I. 22 at 3-4.

C.  **Adobe Fails To Establish That The Purported Incurability Of Harm Allegedly Suffered By Adobe Constitutes A Sufficient Basis For Reargument Or Reconsideration**

Adobe contends that it suffered significant procedural harm that is incurable absent reargument or reconsideration. In particular, Adobe contends that it suffered such harm because this Court in its Oral Order relied on the October 2, 2024 Van Rest Declaration, which was allegedly untimely, because the Declaration accompanied Marsh's motion for a protective order, which was also allegedly untimely, because Marsh did not move to quash the subpoena within fourteen days of service. D.I. 22 at 9-10. Adobe contends that "[h]ad Marsh timely and properly filed a motion to quash, Adobe would have had the opportunity to reply fully to the issues and

inaccuracies raised by Marsh's declaration." D.I. 22 at 10.  Adobe likewise contends that, "if Adobe had known that Marsh would submit its untimely MPO and declaration, [Adobe] could have prepared a robust response explaining the unlikelihood of discovery ever materializing in the Dutch Court." D.I. 22 at 10.

However, Adobe fails to demonstrate that such alleged harm constitutes a sufficient basis for reargument or reconsideration.  As described in prior Sections of this Memorandum Order, the Court did not misapply § 1782, the *Intel* decision, its progeny, or Article 22 of the DCCP.  Nor does Adobe's purported harm constitute manifest injustice, i.e., one of the factors for reconsideration.  Moreover, Adobe obscures the record and overstates its purported harm, as discussed below.

*First*, while Adobe protests that it was unable to prepare a robust defense on the Dutch discovery law raised by the October 2, 2024 Van Rest Declaration, *more than two months earlier*, on July 23, 2024, Adobe submitted a declaration describing this *exact* discovery law. D.I. 5 ¶ 29 ("For instance, according to Article 22 [of the] DCCP, the Court can order either party at any time during the proceedings to submit documents to provide substance to its claims/defense.").

*Second*, Marsh raised this *exact* discovery law with Adobe *even before* Adobe properly served Marsh, and *nearly two months before* Marsh submitted the Van Rest Declaration and Adobe moved to compel. D.I. 14 Ex. 2 at 3 (observing, on August 13, 2024, that there "are mechanisms for the Dutch court to request additional documents from the parties prior to the hearing").

*Third,* Adobe's characterization of Marsh's response to the subpoena could be misleading. In granting the Application, the Court ordered: "Responses and objections to the Subpoena, and any motion to quash, shall be served within 14 days of service of the Subpoena." D.I. 9 at 2. Adobe asserts that "Marsh elected not to follow these instructions." D.I. 22 at 10.  That does not

appear to be accurate. Adobe originally purported to have served its subpoena to Marsh on August 1, 2024. D.I. 10 at 2. However, Adobe admitted that such service was defective and re-served Marsh on August 15 or August 16. D.I. 15 at 1 n.1; D.I. 23 at 2. Notwithstanding improper service, Marsh substantively objected to Adobe's subpoena on August 13, 2024, *i.e.*, twelve days after Adobe's first attempt to serve the subpoena, and two or three days prior to actual service of the subpoena, all of which were within the fourteen days required by the Court's Order.

*Fourth*, Adobe's contention (D.I. 22 at 10) that Marsh failed to timely move for a protective order is moot since the Court denied Marsh's motion. *See* D.I. 20. *Fifth*, Adobe's corollary contention that the Van Rest Declaration was untimely (D.I. 22 at 10) is an academic concern that warrants neither reargument nor reconsideration. As stated above, Adobe (1) knew about the Dutch discovery law at issue when it filed its Application, and (2) knew, nearly two months prior to its motion to compel, that Marsh was asserting this law. There is no evidence that either party was dilatory in the meet and confer process. That Marsh attached the Van Rest Declaration to Marsh's motion for a protective order, rather than its opposition to Adobe's motion to compel, gave Adobe *extra* time to consider the Declaration. Further, as Marsh recognizes (D.I. 23 at 2-3), the Court ordered that "any party seeking relief shall file with the Court a letter . . . outlining the issues in dispute and its position on those issues." D.I. 13. Marsh did exactly so.

*Sixth*, Adobe's reliance on *Willow Bay* (D.I. 22 at 10) is misplaced. The Court in *Willow Bay* was considering, unlike here, whether "the court made a procedural error in converting the motion to dismiss to a motion for summary judgment without providing notice to the plaintiff." *Willow Bay Assocs., LLC v. Immunomedics, Inc.*, No. 00-cv-99-GMS, 2002 WL 1300032, at *3 (D. Del. June 12, 2002). Here, in contrast, Adobe had ample notice to prepare any contentions regarding Article 22 of the DCCP.

Insofar as there is any merit to Adobe's concern that Adobe had insufficient time to prepare a robust defense on the Dutch law at issue here, the Court now also has the benefit of reviewing Adobe's motion for reargument or reconsideration. However, Adobe has failed to demonstrate any basis for reargument or reconsideration, including with respect to Article 22.

In sum, and as stated above, Adobe appears frustrated that it will likely be unable to obtain the additional discovery it seeks from the Dutch court which it believes could assist in its strategy. However, the Dutch court has the authority and a mechanism to compel that additional discovery from SDBN if it so desires and the fact that such discovery is possible to be obtained from the Dutch court continues to militate against this Court using its discretion to compel the same discovery from a third party in the United States in this instance. Since the Court is denying Adobe's motion for reargument or reconsideration for the aforementioned reasons, the Court does not consider other contentions from Marsh. *See, e.g.*, D.I. 23 at 5 ("As set forth in Marsh's previous letter briefs, the Federal Rules of Civil Procedure preclude Adobe from obtaining materials that are irrelevant or protected from discovery by the attorney-client privilege or the attorney-work-product doctrine.").

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Adobe's Motion for Reargument and also DENIES-AS-MOOT Abode's request for expedited oral argument.

\* \* \*

WHEREFORE, at Wilmington this 12th day of November 2024, **IT IS HEREBY ORDERED** that Adobe's Motion for Reargument (D.I. 22) is **DENIED**.  **IT IS FURTHER ORDERED** that Adobe's request for oral argument on an expedited basis (D.I. 24) is **DENIED-AS-MOOT**.  Adobe may, however, renew its request for relief if and when such request is consistent with the limited conditions set forth in this Court's October 7, 2024 Oral Order (D.I. 20).

```
                                    _____
                                            GREGORY B. WILLIAMS
                                    UNITED STATES DISTRICT JUDGE
```